Dear Commissioner Terrell:
You requested reconsideration of Attorney General Opinion No. 01-328, regarding our interpretation of R.S. 18:1400.3(D)(2), wherein we found that the state is responsible for reimbursement of expenses to the registrar for overtime of a permanent employee and that such reimbursement can not be through compensatory leave, as only the registrar can grant compensatory leave to his/her employees.
You state that registrars never incur an expense with regard to their employees because those employees are paid directly by the Department of Elections and Registration and the parish governing authority. Thus, you argue that no reimbursement is necessary and that since payments come directly from the budgets of the Department of Elections and Registration and the parish governing authority, that these two agencies should set policies with regard to how they will pay for overtime work, either through cash or through compensatory leave. Finally, you believe that the requirement for your department to pay for actual overtime expense instead of compensatory leave would be to allow the registrars by policy to impose an unfunded mandate in violation of the constitution, Article VI, Section 14(a).
The powers and duties of the commissioner of elections is set forth in R.S. 36:662:
 In addition to the functions, powers, and duties otherwise vested in the commissioner of elections by law, he shall:
 * * *
 (2) Employ, appoint, remove, assign, and promote such personnel as is necessary for the efficient administration of the department.
 * * *
 (7) Be responsible for accounting and budget control, procurement and contract management, management and program analysis, data processing, personnel management, and grants management for the department.
 * * *
The commissioner has other powers as provided in R.S. 18:18 as follows:
 The commissioner of elections shall administer the laws relating to custody of voting machines and voter registration, and for the purpose he shall:
 (1) Subject to applicable civil service laws and applicable provisions of this Title, employ and fix the salaries and duties of necessary staff to carry out the functions of the department.
 (2) Direct and assist the registrars of voters of the sate with respect to matters pertaining to the registration of voters as provided by law.
 * * *
Registrars are appointed according to R.S. 18:51 as follows:
 A. There shall be a registrar of voters for each parish in the state, who shall be appointed by the governing authority of the parish.
 * * *
Registrars are compensated according to R.S. 18:55 as follows:
 A. (1) The annual salary of registrars of voters shall be based on the most recent population figures as shown by the latest federal decennial census, the Louisiana Tech University population estimates for Louisiana parishes, or as determined by the governing authority of each parish in accordance with law.
 (2) The salary ranges and pay schedule for the registrars shall be as follows:
 * * *
 D. The state portion of each salary shall be paid biweekly by the state through the commissioner of elections, and the parish portion of each salary shall be paid monthly by the parish governing authority on the warrant of the respective registrars. The funds for the parish portion of the salary shall be annually appropriated by the parish governing authority and the funds for the state portion of the salary shall be annually appropriated to the commissioner of elections.
The powers and duties of the registrars are stated in R.S. 18:58, in part as, "Subject to the direction of the commissioner of elections and as provided by law, the registrar in each parish shall be responsible for the registration of voters in the parish he serves and for the administration and enforcement of the laws and the rules and regulations of the commissioner relating to the registration of such voters. . . ."
Payment of salaries and expenses of registrars and their employees according to R.S. 18:59.1, is as follows:
 All monies made available from state funds for the payment of the state portion of the salaries and expenses of registrars of voters and their confidential assistants, deputy registrars, and other personnel shall be appropriated to and be paid to each such person by the commissioner of elections in accordance with each appropriation for the purpose. The commissioner of elections shall include in his annual budget an amount necessary for the purpose, and the monies so appropriated shall be withdrawn from the treasury upon warrants drawn by the commissioner and payments therefrom shall be made in accordance with applicable law. (Emphasis added).
Civil Service Rule 1.4 defines "appointing authority" as "[t]he agency, department, board or commission, and the officers and employees thereof authorized by statute or by lawfully delegated authority to make appointments to positions in the State Service." Registrars appoint their employees according to R.S. 18:59 as follows:
 A. Except as otherwise provided by law and in conformity with applicable civil service laws, registrars may appoint deputies, confidential assistants, and other office employees.
Thus, it is our opinion that the registrars are the "appointing authority" under civil service rules.
Civil Service Rule 11.29 provides, in part, for compensatory leave as follows:
 (a) Subject to the provisions of Subsections (b) and (g) of this Rule, and in accordance with Rules 6.18 through 6.27 and the requirements of Federal rules, statutes, regulations and judicial decisions, an employee who is required to perform overtime duty may, at the option of the appointing authority, be credited with compensatory leave for the hours he has been required to work.
 * * * (Emphasis added).
Methods of compensation for overtime hours worked under civil service is addressed in Civil Service Rules 6.18 through 6.27, which includes either cash payment at the time and one-half rate, cash payment at the regular rate, compensatory leave earned hour for hour, or compensatory leave earned at the time and one-half rate. Civil Service Rules 6.20, 6.21, 6.22, 6.23 and 6.24 all provide for the appointing authority to select and use the applicable options listed in the rules for compensation for overtime hours worked.
You have sent us documentation which reflects the process in which your office pays registrars of voters and their employees. Specifically, your department prepares salary documents for registrars of voters and their employees, and forwards a copy to the parish governing authority for the parish portion of the employee's salary. The information for the state's portion is entered into the ISIS-HR system. The timekeepers in the registrars' office enters the time for registrars and their employees into the ISIS-HR system. This information is then utilized to generate the employees' check and post leave earned and taken. Checks and/or direct deposits are made biweekly at the same time as other employees within the department from funds appropriated to the department through the operating appropriation bill. The parish's portion of the employees' salary is either issued by the parish governing authority or in the registrars' office. This process varies in each parish. The parish accepts the leave balances maintained on the department's records.
In Atty.Gen.Op. No. 01-328, page 3, we stated:
 With regard to your first question about compensatory leave being granted in lieu of overtime pay; please see our conclusions in Opinion No. 01-311, enclosed herein. The reimbursement of expenses by the state for overtime of a permanent employee who works on election duties outside of the normal hours cannot be through compensatory leave; only the registrar can grant compensatory leave to his/her employees.
A review of our analysis above of the state statutes and the civil service rules leads us to believe that this statement is correct, i.e., that only the registrar, as the appointing authority, can grant compensatory leave to his/her employees. However, as discussed in Atty.Gen.Op. No. 01-311, if the registrars have a policy with regard to the method of compensating overtime hours worked by their employees, then said policy would be enforceable by the department. It is our understanding from the documentation you provided that your office met with the registrars at the beginning of your term, wherein it was decided by majority vote that compensation for overtime hours worked by the employees of the registrars' office would be paid as compensatory leave earned, rather than cash payment. Thus, we are of the opinion that your department can rely on this agreement in reimbursing the state's portion of election expenses to the registrars of voters, i.e., in the form of compensatory leave earned, and not cash payment.
As we have advised in the past, the commissioner of elections is mandated to establish rules and regulations governing reimbursement for expenses set forth in the election code and this issue should be addressed therein. Specifically, since the law [R.S. 18:59.1] requires the commissioner to include in her annual budget an amount necessary for the purpose of payment of the state portion of the salaries and expenses
of registrars and their employees, the commissioner should establish by rule the necessary procedures for meeting with and determining the method of compensation for overtime hours worked by the employees of the registrars' office prior to the presentation of her budget request, as it will be necessary for an agreement to be reached between the commissioner and the registrars prior to the preparation of the commissioner's annual budget request.
We hope this opinion clarifies and answers all of your questions regarding reimbursement to the registrars for overtime worked by their employees. If you should have further questions regarding this matter, please do not hesitate to contact our office.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 ________________________________ ANGIE ROGERS LAPLACE Assistant Attorney General
RPI/ARL;mjb
Cc: Registrar of Voters Association
Date Released: August 21, 2002